```
           IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF KANSAS
```

**CORY D. McQUILLAN,**

        **Plaintiff,**

    **v.**                       CASE NO.  07-3150-SAC

**KEVIN HAYS, et al.,**

        **Defendants.**

## O R D E R

This action was filed as a civil rights complaint, 42 U.S.C. 1983, by an inmate of the Hutchinson Correctional Facility, Hutchinson, Kansas (HCF).  Mr. McQuillan names his state parole officer, Kevin Hays, and "Parole Director" Lisa Eastep as defendants.  He seeks "immediate release from the Kansas Department of Corrections," money damages, and "time served towards parole since signing violation form on March 30, 2006."

On an undisclosed date, McQuillan pled guilty to aggravated indecent liberties with a child in Dickinson County, Kansas, and was sentenced to 57 months imprisonment plus 24 months post-release. Some time later, he apparently was conditionally released.  On March 27, 2006, parole officer Hays served him with a "Statement of Charges/Notice of Preliminary Hearing" which included the following charged violations: not keeping his parole officer informed about moving, using a computer to access pornographic sites, having contact with minor children, and having contact with several teenage girls.  The Notice also informed Mr. McQuillan that a preliminary hearing was set for March 30, 2006, at the Saline County Jail. After this hearing, the hearing officer found probable cause for

violation of parole. On May 15, 2006, the Kansas Parole Board (KPB) conducted a revocation hearing on the charges; and on May 18, 2006, found parole had been violated for the same reasons underlying the finding of probable cause at the preliminary hearing. Mr. McQuillan asserts "double jeopardy" based upon the foregoing allegations.

He also asserts "false imprisonment" based on allegations that on March 30, 2006, he was given a "6 month day for day 90 day parole violation," and was to be released on June 30, 2006; but on May 15, 2007, the KPB gave him a "6 month day for day 90 day parole violation" so he now is to be released on August 15, 2007, instead.

It appears plaintiff seeks to challenge the revocation of his state parole and the time he is being required to serve under his parole violator term[1]. Challenges to the execution of a state sentence, including actions of a state parole board, by an inmate seeking release from allegedly illegal confinement are in the nature of habeas corpus claims. See Preiser v. Rodriquez, 411 U.S. 475, 489 (1973); Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000); Hamm v. Saffle, 300 F.3d 1213, 1216 (10th Cir. 2002); U.S. v. Furman, 112 F.3d 435, 438 (10th Cir. 1997), cert. denied, 513 U.S. 1050 (1994). Full exhaustion of the remedies available in the state courts is required before such habeas corpus claims may be considered in federal court. Montez, 208 F.3d at 866 (a habeas petitioner is generally required to exhaust state remedies whether

---

[1] It is not at all clear on what basis plaintiff claims these decisions by officials of the KPB violate federal law or the U.S. Constitution. See 28 U.S.C. § 2241. No violation of the Double Jeopardy Clause arises simply because the same charged violations were considered at the revocation hearing after probable cause was found at the preliminary hearing.

his action is brought under § 2241 or § 2254.). These claims are not properly brought under Section 1983, because it appears McQuillan seeks to challenge the decisions of the KPB in his individual case, rather than procedures which may be applied in the future by the KPB.

Moreover, plaintiff's request for damages for allegedly illegal confinement is premature unless and until he has proven that the revocation of his parole or his violator term is unlawful, and either is invalidated in the proper forum. See Heck v. Humphrey, 512 U.S. 477, 486 (1994); Crow v. Penry, 102 F.3d 1086, 1087 (10th Cir. 1996)(Section 1983 claims challenging revocation of parole precluded under Heck until revocation is invalidated.).

The court concludes this action must be construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241. Plaintiff will be given time to show that he has exhausted administrative remedies by appealing the decisions of the KPB, and to show that all remedies available in the courts of the state have been exhausted. If plaintiff fails to show exhaustion in the time provided, this action may be dismissed without prejudice with no further notice.

Mr. McQuillan has filed an Application to Proceed Without Prepayment of Fees (Doc. 2) and has submitted financial records showing no action and a zero balance in his inmate account. The court finds his application should be granted.

**IT IS THEREFORE ORDERED** that this action is construed as a petition for writ of habeas corpus, 28 U.S.C. 2241, and petitioner is granted twenty (20) days to show cause why the action should not

3

be dismissed for failure to exhaust administrative and state court remedies.

**IT IS FURTHER ORDERED** that petitioner's Application for Leave to Proceed Without Prepayment of Fees (Doc. 2) is granted.

**IT IS SO ORDERED**.

Dated this 24th day of July, 2007, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge
